

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 20, 2017**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 16-33174-HDH |
| | § | |
| RINCON ISLAND LIMITED PARTNERSHIP | § | Chapter 11 |
| | § | |
| DEBTOR. | § | |

## ORDER RESOLVING MOTION OF CALIFORNIA STATE LANDS COMMISSION FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the California State Lands Commission's (the "**Commission**") *Motion for Relief from Automatic Stay* (the "**Motion**") [Docket No. 217],[1] the *Response of GLR, LLC To California State Lands Commission's First Motion for Relief From the Automatic Stay* [Docket No. 221], the *Joinder and Reply of UBS AG, London Branch to Response of GLR, LLC to California State Lands Commission's Motion for Relief From the Automatic Stay* [Docket No. 225]

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

and *Rincon Island Limited Partnership's Response to California State Lands Commission's First Motion for Relief From the Automatic Stay* [Docket No. 231], and upon consideration of this Court's *Order Granting Debtor's Motion to Assume PRC 410* [Docket No. 185] and *Order Granting Debtor's Second Motion to Assume PRC 145* [Docket No. 210], and the oral argument presented by the parties, the Court finds as follows:

A.  The Court has jurisdiction over the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

B.  The scope and manner of service of the Motion was proper, timely, adequate, and sufficient in accordance with Bankruptcy Code § 362, Bankruptcy Rule 4001, and the local rules of this Court.  No further notice or further opportunity to object to the relief requested in the Motion is or shall be required.

C.  The relief granted herein is in the best interest of the estate.

D.  No cause exists to delay the implementation of this Order.

**THEREFORE, IT IS ORDERED THAT**:

1.  The Debtor shall post the Required Security by the Security Deadline of June 15, 2017.

2.  If the Debtor does not post the Required Security by the Security Deadline of June 15, 2017, a Chapter 11 trustee for the Debtor (the "**Trustee**") shall be appointed under Bankruptcy Code § 1104 without further order of the Court.  If the Debtor does post the Required Security on or before the Security Deadline of June 15, 2017, then the Debtor shall file a plan of reorganization by June 30, 2017. If the Debtor files such plan, all parties shall retain the right to seek relief for failure to timely prosecute the plan, including without limitation the appointment of the Trustee.

If the Debtor has posted the Required Security on or before the Security Deadline of June 15, 2017 but fails to file a plan of reorganization by June 30, 2017, then the Trustee shall be appointed without further order of the Court. The United States Trustee shall select the Trustee in consultation with the Commission, GLR, LLC ("**GLR**"), UBS AG, London Branch ("**UBS**") and the Debtor. The Trustee shall perform all of the duties of a trustee under Bankruptcy Code § 1106 and be authorized and directed to consider whether to seek confirmation of a plan of reorganization for the Debtor and/or sell all of the Debtor's assets, including without limitation the Leases.

3. All interested parties, including without limitation the Commission, GLR and UBS, shall reserve the right to oppose and object to any proposed plan of reorganization or sale of assets by the Debtor or Trustee.

4. Upon appointment of the Trustee, the Trustee will work with the parties to attempt to confirm a plan and/or sell or transfer the Leases to a responsible buyer on conditions acceptable to the Commission.[2] If a plan has not been confirmed, or a particular lease has not been sold or conveyed on or before October 30, 2017, with such extensions as the Commission may reasonably agree, the automatic stay shall terminate by operation of law and without further order of the Court so as to allow the Commission to take any and all action necessary to terminate such lease. Nothing in this Order shall bar a request upon such event for the Court to impose a discretionary stay.

5. This Order is without prejudice to the right of the Commission to seek future relief from the automatic stay, including without limitation in connection with the posting of the

---

[2] For the avoidance of doubt, the Commission will not consent to transfer the leases or to a sale of the Debtor to any entity related to the Debtor, any affiliate of the Debtor or any entity owned or controlled by Randeep Grewal.

Required Security, the progress of the Debtor or any Trustee towards confirmation of a plan of reorganization or any other grounds.

6. The terms of this Order shall be binding on the parties and all of their respective successors and assigns from the date of its entry by the Court.

7. This Court shall retain jurisdiction to hear and determine all matters and disputes arising from the implementation of this Order, including without limitation the appointment and election of a Trustee.

8. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a) and shall become effective immediately notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3) or any other Federal Rule of Bankruptcy Procedure to the contrary.

IT IS SO ORDERED.

# # # END OF ORDER # # #

AGREED AS TO FORM ONLY

/s/ *Judith W. Ross*
Judith W. Ross
State Bar No. 21010670
Law Offices of Judith W. Ross
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
judith.ross@judithwross.com

**ATTORNEYS FOR THE CALIFORNIA STATE LANDS COMMISSION**

/s/ *Evan M. Jones*
Evan M. Jones (admitted pro hac vice)
Brian M. Metcal (admitted pro hac vice)
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: 213-430-6000
Facsimile: 213-430-6407

**ATTORNEYS FOR UBS AG, London Branch**

/s/ *David A. Zdunkewicz*
David A. Zdunkewicz
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: 713-220-4123
Facsimile: 713-220-4285

**ATTORNEYS FOR DEBTOR**