Judith W. Ross
State Bar No. 21010670
Law Offices of Judith W. Ross
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
judith.ross@judithwross.com
and

Xavier Becerras
Attorney General of California
Mitchell R. Rishe
Deputy Attorney General
California State Bar No. 193503
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Telephone:  (213) 897-6224
Facsimile:  (213) 897-2801
Mitchell.Rishe@doj.ca.gov

ATTORNEYS FOR CALIFORNIA
STATE LANDS COMMISSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Rincon Island Limited Partnership,** | **Case No. 16-33174-HDH** |
| **Debtor** | |

≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈

**Agreed Motion Under Rule 9019 for Order Approving Agreement for Chapter 11
Trustee to Convey Debtors' Leasehold Interests by Quitclaim Deed**

≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈≈

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

The State of California (the "**State**") by and through its undersigned attorneys and the California State Lands Commission (the "**Commission**"), a creditor and party-in-interest in the bankruptcy case of Rincon Island Limited Partnership (the "**Debtor**" or "**RILP**"), respectfully files this *Agreed Expedited Motion for Order Authorizing Trustee to Convey Leasehold Interests by Quitclaim* ("**Motion**"), and in support thereof shows as follows.

A.  **Jurisdiction and Venue**

The Court has jurisdiction over the above-captioned, jointly administered bankruptcy case (the "**Bankruptcy Case**") and has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b)(2), and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

In accordance with the order of the Court entered on June 26, 2017 [Dkt. No. 252] under § 1104 of title 11 of the United States Code (the "**Bankruptcy Code**"), the United States Trustee appointed Jason R. Searcy to serve as Chapter 11 Trustee over the Debtor's bankruptcy estate.

B.  **Factual and Procedural Background**

The Debtor filed its Bankruptcy Case on August 8, 2016 (the "**Petition Date**").

The Debtor owns and operates oil and gas interests. It is the lessee of three State oil-and-gas leases concerning property located in Ventura County, California: PRC 1466.1 (the

"**Rincon Island Lease**"), PRC 145.1, and PRC 410.1 (the "**Shoreside Leases**" and, together with the Rincon Island Lease, the "**Leases**").

The Rincon Island Lease consists of an artificial oil and gas production island located offshore. The Rincon Island Lease has not produced oil or gas commercially since October 2008. The Shoreside Leases consist of wellheads and production facilities located upland on private property. Oil is extracted from the Shoreside Leases from State lands offshore by way of directional drilling. The Debtor ceased production from the Shoreside Leases in January 2016, although it has since resumed producing in minimal quantities.

The Debtor sought piecemeal approval to assume each of the Leases, which the Commission opposed due to the outstanding default of the surety bonding amount. Over the Commission's objection, the Court approved the Debtor's assumption of the Shoreside Leases subject to the Debtor posting a bond set at $9,980,357, bringing the total security the Debtor was required to provide the Commission to $10,380,357 (the "**Required Security**"). *See* Order Granting Debtor's Motion to Assume PRC 410 [Dkt. No. 187] and Order Granting Debtor's Second Motion to Assume PRC 145 [Dkt. No. 210]. The Court did not approve the Debtor's assumption of the Rincon Island Lease.

In May 2017 the Commission filed a motion for relief from the automatic stay [Dkt. No. 217]. On June 21, 2017, the Court entered an order resolving that motion [Dkt. No. 248], in which the Court ordered the Debtor to post the Required Security by June 15, 2017. Under that order, the Debtor's failure to post the Required Security by the deadline or to file a plan of reorganization by June 30, 2017 would result in the appointment of a Chapter 11 Trustee. Additionally, that order provided that:

Agreed Motion to Approve Agreement to Convey Debtor's Lease Interests—3

> [i]f a plan has not been confirmed, or a particular lease has not been sold or conveyed on or before October 30, 2017, with such extensions as the Commission may reasonably agree, the automatic stay shall terminate by operation of law and without further order of the Court so as to allow the Commission to take any and all action necessary to terminate such lease.

The Debtor did not post the Required Security by June 15, 2017, so on June 26, 2017, the Court entered the order directing the U.S. Trustee to appoint a Chapter 11 Trustee. As of October 30, 2017, the Debtor had neither confirmed a plan of reorganization nor conveyed the Leases. As such, the parties mutually agreed to extend the deadline for termination of the automatic stay through November 30, 2017.

The Trustee conducted marketing efforts to find an assignee of any or all of the Leases, but was unable to find a buyer satisfactory to the Commission. As a result, with the consent of the Trustee the Debtor's funding source, UBS, has ceased providing funding to the Trustee as of November 15, 2017. The cessation of funding has required the Commission to take over funding in order for the current operator, a company called DrilTek Ltd., to continue staffing and monitoring the Leases. Continued staffing is essential to securing the Leases against environmental harm from an uncontrolled release of oil or other hazard.

As a result of these developments, the Commission, the Chapter 11 Trustee, and UBS have reached an agreement that provides for the Chapter 11 Trustee to convey by quitclaim deed the Debtor's interest in the Leases free and clear of all liens, encumbrances, or interests of any party so that the Commission can terminate the Leases and take possession of and control over them immediately. The Debtor has a statutory right to voluntarily convey a quitclaim deed to the Commission and would do so pursuant to California Public Resources Code section 6804.1. In return, the Commission has agreed to stipulate and

Agreed Motion to Approve Agreement to Convey Debtor's Lease Interests—4

affirm that lands that are the subject of the conveyance will become a part of the California Coastal Sanctuary, and that as a result, pursuant to California Public Resources Code Section 6243, the Commission cannot and will not relet said lands to any third party for oil and gas production.

C.     **Request for Relief**

The Commission (with the agreement of UBS and the Chapter 11 Trustee) asks that the Court enter an order (if possible, before November 30, 2017) that: (1) confirms that the automatic stay has terminated by operation of law in accordance with the Court's order of June 21, 2017; (2) approves the agreement the parties have reached regarding conveyance of the Debtor's interest in the Leases by quitclaim deed; and (3) authorizes the Commission to take possession of and control over the Leases.

D.     **Statutory Bases for Relief**

The statutory predicates for this Motion are Bankruptcy Code §§ 105(a) and 363(b) & (f) and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")

Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In turn, Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "'a normal part of the process of reorganization.'" *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v.*

*Anderson*, 390 U.S. 414, 424 (1968) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

The decision whether to approve a compromise under Rule 9019 is committed to the discretion of the Court, which must determine if the compromise or settlement is "fair and equitable." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *Am. Can Co. v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 605, 608 (5th Cir. 1980); *In re Mirant Corp.*, 348 B.R. 725, 739-40 (Bankr. N.D. Tex. 2006). The court need not "conduct a mini-trial" to determine the probable outcome of the underlying litigation, but instead must only consider the "relevant facts and law." *Matter of Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citing *La Salle Nat'l Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 163 (7th Cir. 1987)).

In determining whether a compromise or settlement is fair and equitable, the Court must "compare the 'terms of the compromise with the likely rewards of litigation,'" *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980), and is guided by the following factors:

> (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection; (3) the paramount interest of the creditors and a proper deference to their respective views; (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise.

*The Cadle Co. v. Mims (In re Moore)*, 608 F.2d 252, 263 (5th Cir. 2010) (citing *In re Foster*, 68 F.3d at 917-18).

The foregoing factors weigh in favor of approval of the agreement. The Court should approve the agreement because it represents a fair and reasonable result for all parties.

E.    **Conclusion**

For all of the reasons set forth above, the Commission submits that the relief requested in this Motion is warranted, appropriate, and in the best interests of the Debtor's bankruptcy estate and all parties in interest. The Commission requests entry of an order substantially in the form of the proposed order filed with this Motion.

Respectfully submitted,

November 28, 2017,

By:   /s/ *Judith W. Ross*
Judith W. Ross
State Bar No. 21010670
Eric Soderlund
State Bar No. 24037525
Jessica Lewis
State Bar No. 24060956
**Law Offices of Judith W. Ross**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone:    214-377-7879
Facsimile:      214-377-9409
judith.ross@judithwross.com
eric.soderlund@judithwross.com
jessica.lewis@judithwross.com

Xavier Becerra
**Attorney General of California**
Mitchell E. Rishe
Deputy Attorney General
State Bar No. 193503
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Telephone:  (213) 897-6224
Fax:  (213) 897-2801
Mitchell.Rishe@doj.ca.gov

ATTORNEYS FOR CALIFORNIA
STATE LANDS COMMISSION

AGREED AS TO FORM AND SUBSTANCE:

/s/ *Jason R. Searcy*
Jason R. Searcy
State Bar No. 17953500
PO Box 3929
Longview, TX 75606
Telephone: 903-757-3399
Facsimile: 903-757-9559
**Chapter 11 Trustee for Rincon Island Limited Partnership**


/s/ *Evan M. Jones*
Evan M. Jones (admitted pro hac vice)
Brian M. Metcal (admitted pro hac vice)
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: 213-430-6000
Facsimile: 213-430-6407
**Attorneys for UBS AG, London Branch**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on November 28, 2017 by ECF on all parties in interest who receive notification of filings through ECF and on the parties listed on the latest service list.

/s/ *Eric Soderlund*