Stephanie D. Curtis
Texas State Bar No. 05286800
Mark A. Castillo
Texas State Bar No. 24027795
Bryan C. Assink
Texas State Bar No. 24089009
**CURTIS | CASTILLO PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile:  214.752.0709

**COUNSEL FOR WEST COAST
WELDING & CONSTRUCTION, INC.**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | Case No. 16-33174 | |
| **RINCON ISLAND LIMITED** § | | |
| **PARTNERSHIP,** § | Chapter 11 | |
| § | | |
| Debtor. § | | |

### MOTION OF WEST COAST WELDING & CONSTRUCTION, INC.
### FOR ORDER DIRECTING RANDEEP S. GREWAL
### TO APPEAR FOR EXAMINATION PURSUANT TO
### <u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004</u>

TO THE HONORABLE HARLIN D. HALE,
UNITED STATES BANKRUPTCY JUDGE:

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL BUILDING, UNITED STATES COURTHOUSE, 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON JANUARY 15, 2018, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**
>
> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**
>
> **IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY**

**REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

COMES NOW, West Coast Welding & Construction, Inc. (the "Movant"), a creditor and interested-party in the above-referenced Chapter 11 case (the "Bankruptcy Case"), and file this, its *Motion for Order Directing Randeep S. Grewal to Appear for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Motion"). In support hereof, the Movant respectfully shows the Court the following:

## I.    JURISDICTION

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 105 and Fed. R. Bankr. P. 2004. This is a core matter pursuant to 28 U.S.C. § 157(b).

## II.    PROCEDURAL BACKGROUND

2. On August 8, 2016 (the "Petition Date"), the above-captioned debtor, Rincon Island Limited Partnership (the "Debtor"), filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On December 7, 2016, West Coast filed a proof of claim [Claim No. 11] in the amount of $2,324,360 for goods and services provided to the Debtor prepetition related to the repair and maintenance of the Rincon Island Causeway.

4. On June 26, 2017, because of the Debtor's failure to post a required security bond by the June 15, 2017 deadline imposed by the Court, the Court entered its *Order Directing United States Trustee to Appoint a Chapter 11 Trustee under Bankruptcy Code § 1004* [Dkt. 252]. Among other things, the order specified that the appointed Trustee will work with the parties to attempt to

confirm a plan and/or sell or transfer the Debtor's leases to a responsible buyer on conditions acceptable to the California State Lands Commission.

5.  Accordingly, on June 28, 2017, the Office of the United States Trustee filed its *Application of the United States Trustee to Approve Appointment of Trustee* [Dkt. 253], requesting entry of an order approving the appointment of Jason Searcy as Trustee in this Chapter 11 case. On June 29, 2017, this Court entered its *Order Approving Appointment of Chapter 11 Trustee* [Dkt. 257], which appointed Jason Searcy as the Chapter 11 Trustee in the above-captioned case.

6.  On July 10, 2017, West Coast filed its *Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 364(a) and 503(b)(1)* [Dkt. 259], which requested an administrative expense claim in the amount of $80,470.99 for post-petition repairs, goods, and services provided to the Debtor.

7.  On August 8, 2017, the Court entered its *Agreed Order Granting Motion of West Coast Welding & Construction, Inc. for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 364(a) and 503(b)(1)* [Dkt. 269[.

8.  Since that time, West Coast has learned that the estate is no longer solvent and the Trustee has moved to abandon or otherwise transfer the estate's assets.

### III. FACTUAL BACKGROUND

9.  From 2003 to 2016, HVI Cat Canyon, Inc ("HVI"). was the General Partner and entity in control of the Debtor.[1]

10. Randeep S. Grewal is an individual who, at all relevant times, has been a director of, and/or maintained a controlling interest in, HVI, and therefore the Debtor.

---

[1] See Debtor's SOFA [Dkt. 12, p. 13]

**MOTION FOR 2004 EXAMINATION**                                                                                      **Page 3 of 6**

11. Mr. Grewal also has ownership interest and/or officer status in a number of other companies, including Greka Integrated, Inc.

12. The Movant seeks to take the oral deposition of, and obtain documentary discovery from, Randeep S. Grewal, as a representative of the Debtor, allowed within the scope of Rule 2004, including but not limited to, discovering matters relating to and/or that may affect the administration of Debtor's bankruptcy estate, the Debtor's financial condition, the Debtor's operations, prepetition and postpetition transactions, and all other matters allowed within the scope of Rule 2004. Fed. R. Bankr. P. 2004.

13. Specifically, West Coast proposes to conduct a Rule 2004 examination of Mr. Grewal regarding, among other things the Debtor's relationship with Greka Integrated, Inc. and other entities affiliated with Mr. Grewal and/or the Debtor, including the existence of any prepetition and postpetition transactions and/or transfers between them.

### IV.    RELIEF REQUESTED

14. Pursuant to Rule 2004, "on the motion of any party in interest, the court may order the examination of any entity" relating to the acts, conduct, or property or liabilities or financial condition of the Debtor or to any matter which may affect the administration of the Debtor's estate. Fed. R. Bankr. P. 2004(a)-(b). Pursuant to Rule 2004, the Court may also compel the production of documents. Fed. R. Bankr. P. 2004(c).

15. Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the Movant requests (i) authority to take the oral examination of Randeep S. Grewal with regard to (but without limitation) the Debtor's financial condition, prepetition and postpetition transactions, and all other matters within the scope of Rule 2004; and (ii) to compel the production of documents as set forth in **Exhibit A**, attached hereto and incorporated by reference herein, by no later than five (5) days prior to the examination and for use in the examination.

16. Counsel for the Movant has attempted to confer with the Chapter 11 Trustee, Mr. Searcy, prior to filing this Motion. As of the filing of this Motion, undersigned has not received Mr. Searcy's position on the relief requested herein.

## IV. BASIS FOR RELIEF

17. The examination of any entity, including any person, sought by the Movant is specifically authorized by Rule 2004. The Movant seek to address topics with Mr. Grewal that are within the scope of examination permitted by Fed. R. Bankr. P. 2004(b).

18. The Court may act on this Motion and enter the proposed order without a hearing as Rule 2004 motions often are granted on an *ex parte* basis.[2]

19. Subject to the Court's granting this Motion, the Movant has prepared a *Notice of Intention to Take Oral Deposition, Duces Tecum, of Randeep S. Grewal Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*, in substantially the same form as set forth in **Exhibit B**, attached hereto and incorporated by reference herein (the "Notice"). The Notice sets forth that the Movant propose to conduct the examination at the offices of Curtis | Castillo PC at **10:00 a.m. on January 22, 2018**, which provides ample notice of the written examination.

20. A proposed order (the "Order") granting this Motion is attached.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant respectfully requests that the Court grant the relief requested in this Motion and enter the Order compelling the attendance of Randeep S. Grewal at a Rule 2004 examination, and requiring Randeep S. Grewal to produce the documents set forth in **Exhibit A**, at the time and place set forth herein and in the proposed order attached hereto. Movant additionally requests such other and further relief to which she may otherwise be

---

[2] *See* 9 Collier on Bankruptcy ¶ 2004.01[2] (15th ed. Rev. 2007).

entitled at law or in equity.

Dated: December 21, 2017

Respectfully submitted:

*/s/ Bryan C. Assink*
Stephanie D. Curtis
Texas State Bar No. 05286800
Mark A. Castillo
Texas State Bar No. 24027795
Bryan C. Assink
Texas State Bar No. 24089009
**CURTIS | CASTILLO PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709

**COUNSEL FOR CREDITOR
WEST COAST WELDING &
CONSTRUCTION, INC.**

## CERTIFICATE OF CONFERENCE PURSUANT TO LBR 2004-1(a)

The undersigned hereby certifies that, on December 21, 2017, I conferred with Jason Searcy, the Chapter 11 Trustee, regarding the proposed time and date for the 2004 examination of Mr. Randeep S. Grewal. Mr. Searcy does not object to the date and time. Undersigned further attempted to confer with Mr. Grewal, but does not have available contact information to allow for a conference. Upon information and belief, however, Mr. Grewal will receive notice of the Motion, Notice of 2004, and Request for Documents through service on the Debtor as listed below.

*/s/ Bryan C. Assink*
Bryan C. Assink

## CERTIFICATE OF SERVICE

This is to certify that, on December 21, 2017, a true and correct copy of the foregoing document was served via the Court's CM/ECF system, or otherwise by first class mail, postage prepaid, upon the Chapter 11 Trustee, Jason Searcy, the U.S. Trustee, and the Debtor at the address listed below, and on all other parties requesting electronic service in this case.

Rincon Island Limited Partnership
PO Box 5489
Santa Maria, CA 93456

*/s/ Bryan C. Assink*
Bryan C. Assink